UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERESA POPE HOOKS, individually )<br>and ESTATE OF DAVID HOOKS, )<br>by Teresa Pope Hooks, Administratrix )<br>   )<br>   Plaintiffs, )<br>v.   )<br>   )<br>CHRISTOPHER BREWER,   )<br>in his individual capacity, STEVE )<br>VERTIN, in his individual capacity, )<br>WILLIAM "BILL" HARRELL,   )<br>in his individual capacity, and   )<br>RANDALL DELOACH,   )<br>in his individual capacity,   )<br>   )<br>   Defendants. ) | Civil Action File No.<br>3:16-cv-00023-DHB-BKE |

**PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE OPINION TESTIMONY OF WILFRED LIBBY**

In responding in opposition to Plaintiff's motion to exclude the improper testimony of their expert Wilfred Libby, Defendants float the notion for the first time that "this case essentially should not require any expert testimony." ECF No. 93, at 1. Plaintiff objects to this attempt to set forth purported additional grounds upon which to exclude Plaintiff's expert Mr. Jeffrey Noble. In reply, Plaintiff shows that appropriate expert opinion testimony can meaningfully assist the trier of

1

fact in this case, but that Defendants' expert Wilfred Libby's opinions are too often of a type which is inappropriate under Federal Rule of Evidence 702.

In her motion to exclude Mr. Libby, Plaintiff identified four categories of opinions by Defendants' expert Libby that she asserts are not properly admissible. First, many of Libby's opinions are, as Defendant concedes, nothing more than legal conclusions. Second, Libby vouches for witnesses, making naked assertions that he believes certain witnesses. Third, a subset of Libby's opinions are informed primarily, if not exclusively, by impermissible speculation. And fourth, Libby attempts to opine as to matters which are wholly irrelevant but nevertheless prejudicial. A summary of Defendants' opposition to Plaintiff's motion to exclude Mr. Libby's testimony, as well as Plaintiff's replies thereto, follow.

### A.     Defendants' concede that Libby seeks to opine as to legal conclusions.

The parties are in agreement that it is not appropriate for experts to opine as to legal conclusions.[1] In their brief opposing Mr. Libby's exclusion, Defendants notably *do not* dispute that at least six of Mr. Libby's opinions identified by

---

[1] *See* Plaintiff's Motion to Exclude Opinion Testimony of Wilfred Libby, ECF No. 73, at 5–8; Defendants' Motion to Exclude Expert Witness Testimony of Jeffrey Noble, ECF No. 74, at 11; Plaintiff's Opposition to Defendants' Motion to Exclude Expert Witness Testimony Of Jeffrey Noble, ECF No. 88, at 18–22; Defendants' Brief in Opposition to Plaintiff's Motion to Exclude Opinion Testimony of Wilfred Libby, ECF No. 93, at 5.

Plaintiff as legal conclusions are in fact opinions setting forth legal conclusions. *See* ECF No. 93, at 4–8. Instead, Defendants argue that Plaintiff's expert, Mr. Noble, "makes similar, but opposite, conclusions." *Id.* at 5. Essentially, Defendants concede that Mr. Libby's opinions are often legal conclusions, and argue that the Court should bar Libby and Noble both from testifying as to legal conclusions, or alternatively that the Court should allow Libby's opinions regarding legal conclusions to rebut Noble's legal conclusions.

Plaintiff, again, does not dispute the proposition that it is improper for expert witnesses to opine as to legal conclusions. Furthermore, Plaintiff does not disagree with Defendant as to the application of that principle to the six opinions identified in Part A of Plaintiff's Motion to Exclude Libby. *Compare* ECF No. 73, at 5–8, *with* Defendants' Brief in Opposition, ECF No. 93, at 4-8. Libby's legal conclusions are inadmissible. Where the parties diverge is with regard to whether *Mr. Noble's* opinions are legal conclusions. As Plaintiff set forth in her opposition to Defendants' motion to exclude Mr. Noble, ECF No. 88, at 18–22, Plaintiff does not intend for Mr. Noble to testify as to any purely legal conclusions (i.e. whether or not the face of the warrant application gave rise to probable cause or not). Rather, Plaintiff intends for Mr. Noble to opine, for example, as to the factors that might inform an officer's probable cause determination as governed *by prevailing*

*standards in law enforcement. See, e.g.*, *Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, slip op., at *14 (11th Cir. 2017) (affirming admission of testimony that "that the officers 'acted objectively reasonabl[y] and in accordance with what is recognized as training throughout the country'"); *see also* Plaintiff's Brief Opposing Exclusion of Noble, ECF No. 88, at 18–22. With regard to the opinions challenged by Plaintiff, and in contrast to Mr. Noble's testimony, Mr. Libby's testimony contains no reference to prevailing law enforcement standards or any other admissible opinions. Instead, Mr. Libby's challenged opinions are bare legal conclusions. Therefore, this Court should bar Mr. Libby from opining as to legal conclusions, and order that the six opinions identified by Plaintiff as legal conclusions be barred from presentation before the jury.

More specifically, this Court should prohibit Mr. Libby from offering the following opinions:

1. That Defendant Brewer "had probable cause" to believe that drugs were present at the Hooks residence.
2. That Defendant Vertin's handcuffing of Plaintiff was consistent with what "the law says" or "in accordance with United States Supreme Court decisions."

3. That the warrant procured authorized the prolonged detention of Plaintiff.

4. That it was lawful for Defendant Brewer to omit key facts involving Jeffrey Frazier and Rodney Garrett.

5. "[T]hat [certain facts] established probable cause to search David Hooks [sic] residence/curtilage in and of itself."

6. That Defendant Vertin's detention of Teresa Hooks was "in accordance with prevailing guidance from the United States Supreme Court and in accordance [with] prevailing police procedure."

### B. Testimony vouching for witnesses is not proper expert testimony.

Plaintiff seeks to prevent Mr. Libby from improperly bolstering the credibility of certain witnesses with the veneer of expertise. Defendants do not dispute the legal principle that it is improper for an expert witness to vouch for the credibility of other witnesses, *see* ECF No. 93, at 8–10; however, Defendants do not agree that any of Mr. Libby's opinions run afoul of this rule barring expert vouching. But, as set forth in Plaintiff's motion to exclude Mr. Libby, Libby repeatedly vouches "for underlying facts as to which he lacks personal knowledge."[2] This is improper and such opinions should be barred. Application of

---

[2] *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06–cv–1757–Orl–GJK, 2009 WL 6357793, at *22 (M.D. Fla. Jan. 9, 2009) (excluding

the rule against expert vouching should lead this Court to bar Mr. Libby from making certain proclamations which he made in his report and deposition.

First, this Court should not allow Mr. Libby to testify as to whether Defendant Brewer made a "mistake" when he improperly dated the facts concerning the Frazier allegations. Mr. Libby has no personal knowledge as to whether Defendant's Brewer's omissions were intentional, reckless, or innocent. Opining one way or the other, including by labeling such an omission as an innocent "mistake," rather than purposeful obfuscation, is nothing more than vouching for Brewer's credibility. This Court should bar this opinion that Defendant Brewer was acting truthfully.

Next, Mr. Libby repeatedly vouches for the credibility of the Rodney Garrett. Setting aside whether or not crediting such a person's story is a reliable methodology where that person is known to have been on an extended methamphetamine-induced crime spree and faced with serious criminal liability, more fundamentally, this Court should not permit Mr. Libby to make assertions of the kind he repeatedly made in his deposition, such as that "I believe that . . .

---

such testimony under *Daubert*); *see also United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) ("Expert medical testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations.").

Garrett was [being] truthful" and "I would not agree with you" about whether Garrett's claims inculpating David Hooks might have been motivated by fear of an extended prison sentence. Because such opinions "invade[] the jury's province to make credibility determinations," *Beasley*, 72 F.3d at 1528, such testimony is inadmissible.

### C. The Court should not allow Mr. Libby to present his speculations to the jury.

It is well accepted that the speculations of a person imbued with the prestige of being called an "expert" in federal court can improperly distort a jury's decision making. "District courts are charged with this gatekeeping function 'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'" *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quoting *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)). In response to the charge that Mr. Libby has impermissibly speculated, Defendants largely do not engage with the substance of Plaintiff's allegations, instead arguing that experts can rely on facts that need not be admissible before a jury in reaching their opinions. Again, Plaintiff does not disagree with that principle of law; however, Plaintiff submits that principle has no application in determining whether Mr. Libby is engaged in naked speculation about facts and their significance.

Examples of unmoored factual speculations abound in Mr. Libby's opinions. For example, Mr. Libby states that the information that Defendant Brewer included (and omitted) from his warrant application regarding Frazier "had nothing to do" with getting the warrant; that the warrant was granted "without any reference" to such information; and that although he does not know why such information was included in the first place, he speculates that Brewer "was told to [include it] by the assistant state attorney." Faced with these clearly speculative opinions from Mr. Libby's depositions, Defendants, in their brief opposing the exclusion of Mr. Libby, have attempted to recast these statements into another form, writing that "[w]hat Libby actually testified to was that in his opinion a reasonable officer could have believed probable cause existed even without the statements by Frazier." ECF No. 93, at 10. The problem with that reformulation of this speculation is that it is nothing but an impermissible legal conclusion, representing an independent and additional ground upon which to exclude such opinions. Because these opinions are either factual speculation or purely legal conclusions (or both), this Court should exclude them.

Similarly, Mr. Libby seeks to opine that "there is a real important reason why" Garrett was never charged with possession of the methamphetamine in question. Defendants concede that Libby does not know why Garrett was not

charged with this offense, *see id.* at 10 ("Libby never professes to know the reason"); yet Defendants would nevertheless have the fact that Garrett was not charged underpin Libby's opinions, *see id.* ("These are not opinions, but facts upon which Libby relied upon in forming his opinion."). Mr. Libby should not be permitted to speculate as to whether there is a "real important reason why" Garrett was not charged. Furthermore, because there are so many reasons, and non-reasons, why a potential criminal defendant might be charged or not charged with a given offense, any opinion that is premised on the fact that Garrett could have been, but was not, charged with certain offenses should be excluded because such an opinion is not reliable.

### D. Libby should not be allowed to opine as to issues that are not relevant for expert testimony.

Plaintiff moved to exclude three of Mr. Libby's opinions that discuss issues which will not be decided by the jury with the conviction that discussion of such issues would likely confuse the jury with irrelevant material. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993) (requiring expert testimony to be relevant to be admissible). In response, Defendants have asserted that such issues will in fact be before the jury. Plaintiff replies by clarifying her allegations at this juncture of the litigation.

With regard to the first two opinions that Plaintiff seeks to exclude on grounds of irrelevance - first, that SRT deployment was appropriate, and second, that the force used on David Hooks was justifiable - Plaintiff reiterates that neither of these issues are appropriate for presentation to the jury through expert testimony because neither of these issues are material to determining whether Brewer and Harrell violated the Fourth Amendment by securing and calling for the execution of a search warrant in the absence of probable cause.

With regard to the other opinion Plaintiff seeks to exclude - whether or not Defendant Brewer and Assistant District Attorney Faircloth *subjectively believed* probable cause existed - the simple fact is this: the question for jury determination is ultimately whether the defendant officers acted in an *objectively reasonable* manner.  The subjective intent or opinion of the officers "has no bearing on whether a particular [search] is 'unreasonable' under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 397 (1989).  In analyzing the reasonableness of a particular search or seizure, "it is imperative that the facts be judged against an objective standard." *Terry v. Ohio*, 392 U.S. 1, at 21 (1985).  Therefore, witness Libby's opinion about what either Brewer or Faircloth subjectively "believed" is not opinion evidence that is relevant to the jury deliberative task.  Such opinion evidence is not only irrelevant – it is an impermissible vouching for the subjective

-10-

'good faith' or credibility of Brewer and Faircloth, which constitutes an impermissible intrusion into the jury's role in coming to its own conclusions concerning the credibility of the witness testimony presented to it.

## CONCLUSION

Defendants' police practices expert, Mr. Libby, authored a report containing numerous opinions that are not the proper subject for an expert under *Daubert* principles. Plaintiff has argued the vast majority of these opinions are improper because they are nothing more than bare legal conclusions or represent impermissible witness bolstering, speculations, or irrelevant material. For the reasons stated herein and in her original motion to exclude Mr. Libby, Plaintiff respectfully requests that Mr. Libby's testimony be greatly circumscribed if not excluded entirely.

Respectfully submitted, this 20th day of July, 2017.

S/ G. BRIAN SPEARS<br>
Bar No. 670112<br>
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com

<u>S/ MITCH SHOOK</u>
Bar No. 643860
Attorney for Plaintiff

Salter, Shook & Tippett
P.O. Drawer P
470 Randolph Dr.
Vidalia, GA, 30474 -8929
Tele: (912) 537-2666

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2017, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Timothy J. Buckley, III
Kelly L. Christopher
Buckley Christopher, P.C.
2970 Clairmont Road NE, Suite 650
Atlanta, Georgia 30329

Mitch Shook
P.O. Drawer P
470 Randolph Dr.
Vidalia, GA, 30474 -8929

                                      S/BRIAN SPEARS, ECF-Registered Attorney
                                      Georgia Bar No. 670112
                                      Attorney for Plaintiff
                                      1126 Ponce de Leon Avenue
                                      Atlanta, GA 30306
                                      Telephone: (404) 872-7086
                                      Email: Bspears@mindspring.com