UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| TERESA POPE HOOKS, individually and ESTATE OF DAVID HOOKS, by Teresa Pope Hooks, Administratrix | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: 3:16-CV-00023-DHB-BKE |
| v. | ) ) | |
| CHRISTOPHER BREWER, in his individual capacity. | ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT AND MOTION FOR ORAL ARGUMENT UPON SAME

COMES NOW Christopher Brewer (hereinafter "Defendant") and files this reply brief in support of his Motion for Leave to File Renewed Motion for Summary Judgment. Pursuant to Local Rule 7.2, Defendant requests oral argument and, consistent with the rule, estimates any hearing will take less than two (2) hours. Defendant shows the Court the following:

### ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's response to Defendant's Petition suffers from two inescapable realities:

One: Upon oral argument, this Court asked plaintiff counsel if there was any witness who could dispute the police officers' testimony that Mr. Hooks raised his weapon before being shot. In response, before this Court and the Eleventh Circuit (and in Plaintiff's briefs), counsel could identify no such witness/evidence. The Eleventh Circuit did not embrace the fact finding from this Court's summary judgment order to the effect that officers did not knock/announce, that David Hooks was shot while running down the hallway with a gun at his side, or that Hooks never pointed

the gun at the officers. Once and for all, the following quote from the Eleventh Circuit's ruling exists and favors an evaluation of Defendant's Petition and motion for partial summary judgment:

> As officers began pounding on the back door, Hooks came out of a bedroom, holding a gun…Deputy Kasey Loyd, an officer involved in the execution of the warrant, said he saw a man and woman through the backdoor window and police knocked for about thirty seconds before entering the house. At that point, Hooks ran toward the dining room, shotgun in hand. That was the last time Teresa saw her husband alive. Seconds later, police fired shots, killing Hooks after, officers claim, he raised his gun.

Doc. 149, p. 6. These may very well be what the officers "say" but there is not a shred of contrary testimony in this substantial record.

Two: Plaintiff's visceral protestations aside, Defendant's request in no way delays trial and is admittedly something that is subject to the discretion of this Court. However, where justice is concerned and facts must be made clear with respect to what if any issues will proceed to trial, it is incumbent upon this Court to exercise its discretion and consider the just ends sought in Defendant's Petition. Broughton v. Sch. Bd. of Escambia Cty., Fla., 540 Fed. Appx. 907, 910 (11th Cir. 2013).

It is telling that Plaintiff spends more time stating the obvious - that the Petition seeks relief outside of standard procedural time frames - as opposed to identifying why precedent does not support the further evaluation of summary judgment given the migration of established facts and fact findings that has occurred with regard to the circumstances and claims remaining. With all due respect, Plaintiff's brief opposing this Petition displays more foot-stomping about alleged foot-dragging than it does citing case support for Plaintiff's position. Plaintiff repeatedly suggests ill motive and impropriety but cites not a single case to support Plaintiff's contentions. Specifically, Defendant has pointed out and acknowledged case law that gives this Court discretion. That said, the cases cited in Defendant's Petition specifically support a trial court's exercise of that discretion

despite the passage of time when justice and due process call for issues to be addressed, regardless of procedural posture. Plaintiff's brief stands silent in this regard. Putting Plaintiff's timing arguments aside, Plaintiff's brief is short on legal argument against the substantive law on the underlying issues.

A review of the case law with regard to the substance of the Petition makes clear that this issue should be considered and addressed by the Court and that it can be done without any impact on the scheduling of the trial after briefing and oral argument is completed prior to the end of this calendar year. At a minimum, this Court should allow full briefing and convene an oral argument to permit the Court to evaluate what facts are in place with regard to this case and whether the facts in place support summary judgment with respect to a claim for a wrongful death that occurred hours and miles away from the alleged constitutional infraction of securing a search warrant, which was allegedly constitutionally flawed.

Perhaps most telling is the fact that Plaintiff protests that the facts with regard to the decedent's shooting and wrongful death present a jury issue and yet Plaintiff has *never* pursued a wrongful death claim against *any* of the officers who actually shot David Hooks. The Court must ask itself if the facts support something other than a justified shooting by the officers executing the warrant, why would a clearly extremely competently represented plaintiff forgo making such claims? The reason, like the need for the Court to evaluate summary judgment on wrongful death claims against *this* Defendant, is obvious: Plaintiff's death, to the extent associated with the warrant and its attempted execution, was proximately and, as a matter of law, caused by decedent David Hooks in his decision and act of shouldering and pointing a shotgun at the officers. Certainly, there is no legally actionable causal link between any alleged constitutionally challenged conduct of Defendant and the death of David Hooks.

Accordingly, Defendant prays the Court schedule oral argument, grant the Petition and permit briefing and oral argument upon Defendant's proposed renewed motion for partial summary judgment and, thereafter, grant said motion for partial summary judgment.

This 9th day of November, 2021.

                                              Respectfully submitted,

                                              **BUCKLEY CHRISTOPHER P.C.**

                                              /s/ Timothy J. Buckley III
                                              _____

2970 Clairmont Road, N.E.       TIMOTHY J. BUCKLEY III
Suite 650                                  Georgia State Bar No. 092913
Atlanta, Georgia 30329            KELLY L. CHRISTOPHER
(404) 633-9230                       Georgia State Bar No. 609879
(404) 633-9640 (facsimile)      Attorneys for Defendant
tbuckley@bchlawpc.com
kchristopher@bchlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2021, I electronically filed DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT upon all parties to this matter using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mitchell M. Shook, Esq.
Salter, Shook & Tippett
P. O. Drawer 300
Vidalia, GA 30475

Brian Spears, Esq.
1126 Ponce de Leon Ave.
Atlanta, GA 30306

**BUCKLEY CHRISTOPHER, P.C.**

/s/ Timothy J. Buckley III
_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No.092913
KELLY L. CHRISTOPHER
Georgia State Bar No. 609879
Attorneys for Defendant

2970 Clairmont Road N.E.
Suite 650
Atlanta, Georgia 30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
kchristopher@bchlawpc.com