IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TERESA POPE HOOKS, individually; \*
and ESTATE OF DAVID HOOKS, by   \*
Teresa Pope Hooks,              \*
Administratrix,                 \*
                                \*
      Plaintiffs,               \*
                                \*
      v.                        \*   CV 316-023
                                \*
CHRISTOPHER BREWER,             \*
                                \*
      Defendant.                \*

**O R D E R**

Presently before the Court is Defendant Christopher Brewer's motion for leave to file a renewed motion for summary judgment. Plaintiffs oppose the motion on two grounds. First, Plaintiffs point out that the motion is untimely. Second, Plaintiffs argue that there is no change in law or fact that would warrant reconsideration of this Court's decision that proximate cause is an issue for the jury. (See Order of Jan. 29, 2018, Doc. No. 131, at 57-59.)

With respect to timeliness, the Eleventh Circuit's judgment reversing and remanding part of the case was made the judgment of this Court on October 21, 2020.[1] The case was then stayed pending

---

[1] The Eleventh Circuit issued its opinion on June 19, 2020, and it appears on the record at Docket No. 149. The Court will hereafter refer to the opinion as the "Remand Order." The lapse in time between the date the opinion was issued and the date the Eleventh

Defendant's petition for writ of certiorari to the United States Supreme Court. Following the denial of the writ petition, the parties' jointly requested that the Court enter a scheduling order governing damages discovery in March 2021. This scheduling order was extended twice, again at the parties' joint request. Defendant never sought incorporation of a timeline for filing renewed motions for summary judgment; instead, the scheduling order only provides a deadline for Daubert motions. In support of his renewed motion for summary judgment, Defendant primarily relies upon language in the Eleventh Circuit's Remand Order of June 19, 2020. Without justification for waiting to file the instant motion based upon information that Defendant has had for well over a year, the Court deems the filing untimely and thus denies leave to file the renewed motion for summary judgment.

The Court further notes that the Eleventh Circuit ruled that it lacked jurisdiction to address whether a genuine factual dispute exists as to proximate cause. (Remand Order at 17-18.) Thus, it left the issue to this Court for resolution. The Court has already addressed the issue and determined that proximate cause, i.e., whether the risks associated with the execution of an invalid search warrant were reasonably foreseeable, is a question for the jury. (See Order of Jan. 29, 2018, at 58.) In particular, the Court observed that, in viewing the evidence in the light most

---

Circuit issued its mandate on October 19, 2020 is due in large part to Defendant's petition for rehearing en banc.

favorable to Plaintiffs, Defendant Brewer "sought a warrant and chose to execute it at night upon a rural, secluded home of a man who the officers knew owned firearms and had been burglarized the day before. Include therewith the fact that the officers did not knock and announce their presence, and a reasonable jury could conclude that the death of David Hooks was a reasonably foreseeable risk to their invalid entry." (Id. at 59.) The Court further observed that whether David Hooks' conduct, characterized as hotly disputed, was a superseding cause of his own death should also be left to a jury. (Id.)

At present, Defendant argues that the Eleventh Circuit has found incontrovertible contrary facts to those this Court observed were disputed. More specifically, Defendant contends that the Eleventh Circuit found that the officers "knocked for about thirty seconds before entering the house" and that David Hooks "ran toward the dining room, shotgun in hand," then seconds later raised his gun at the officers and was shot. (Def.'s Mot. for Leave, Doc. No. 181, at 3 (quoting Remand Order at 6).) The Eleventh Circuit, however, was recounting the testimony of the officers – their version of events. (See Remand Order at 6 (describing what Deputy Kasey Loyd "said" and what "officers claim").) Thus, the Eleventh Circuit did not make factual findings contrary to this Court's observations recounted above. Accordingly, the premise of Defendant's anticipated summary judgment motion is faulty.

Moreover, the Court adheres to its position that the United States Supreme Court has not foreclosed the consideration of proximately caused damages to include David Hooks' death in County of Los Angeles v. Mendez, --- U.S. ---, 137 S. Ct. 1539 (2017), cited in Order of Jan. 29, 2018, at 58. In fact, the Mendez Court did not reach whether a factfinder could "tak[e] into account unreasonable police conduct prior to the use of force that foreseeably created the need to use it." See Mendez, 137 S. Ct. at 1547 n.*. The Supreme Court expressly stated that Fourth Amendment claims must be analyzed separately. Id. at 1547. In that vein, the Middle District of Georgia recently allowed an unlawful entry claim to go forward for any and all "reasonably foreseeable damages" caused by the officers' unlawful entry despite the fact that the court granted summary judgment on the plaintiffs' claim of excessive force occurring after the entry. See Smith *ex rel.* Estate of Smith v. Ford, 488 F. Supp. 3d 1314, 1331 n.10. Here, this Court will similarly allow Plaintiffs' claim for recovery of injuries *proximately caused* by the execution of an allegedly invalid warrant. Whether the claimed injuries are proximately caused or the result of superseding causes are matters for the jury upon proper instruction.

Upon the foregoing, Defendant's motion for leave to file a renewed motion for summary judgment (doc. no. 181) is **DENIED**.

The Court notes that this is an aging case that should be promptly tried. Scheduling the trial is not be an easy task given

the number of pending criminal cases in the district occasioned by the COVID-19 pandemic. Complicating the issue of scheduling are pending motions for leave of absence submitted by both parties. Upon consideration thereof, the motions for leave of absence (doc. nos. 186 & 190) are hereby **GRANTED**. Timothy J. Buckley III, Esq. is granted leave for February 14-22 and April 8-22, 2022. Brian Spears, Esq. is granted leave for December 22, 2021 – January 4, 2022 and February 23-24, March 11-18, and May 6-10, 2022. No other leaves of absence will be granted.

With the rather limited opportunities to schedule a jury trial, the Court hereby sets the jury selection and the trial of the case to begin on **Monday, February 28, 2022** at **9:00 a.m.**, at the J. Roy Rowland United States Courthouse in **Dublin, Georgia**. This is a firm date that will be vacated or altered only upon a showing of extraordinary necessity. The pre-trial conference for the case will be conducted on Friday, February 4, 2022, at 10:00 a.m. in **Augusta, Georgia**. More information about the pre-trial conference will follow.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE

5