UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERESA POPE HOOKS, individually ] <br> and ESTATE OF DAVID HOOKS, ] <br> by Teresa Pope Hooks, Administratrix ] <br> ] <br>       Plaintiffs, ] <br> ] <br> v. ] <br> ] <br> CHRISTOPHER BREWER, ] <br> in his individual capacity, ] <br> ] <br>       Defendant. ] <br> ] | CIVIL ACTION FILE NO.: <br> 3: 16-CV-00023-DHB-BKE |

## <u>PROPOSED PRETRIAL ORDER</u>

COME NOW the above-named parties and submit this, their Joint Proposed Pretrial Order, as follows:

The parties conferred in person on Monday, January 24, 2022, for approximately one hour and forty minutes regarding the proposed pretrial order. The parties have conferred frequently both prior to and following their in person meeting.

1. Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. **Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.**

1

Counsel for the Parties have met and conferred concerning possible factual stipulations. Counsel have exchanged proposed factual stipulations to one another and will continue to confer.  Counsel will submit those factual stipulations on which they have agreed by February 3, 2022.

2. As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes.  If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

Counsel shall submit general voir dire questions separately as Attachments "B-1" and "B-2" and shall supply these Attachments to the Court on or before February 21, 2022.

3. State the names of all parties, firms and attorneys to be used in qualifying the jury.   State the name of any insurance company involved, and whether it is a stock or mutual company.   State the names of all counsel who are members of any firm involved on a contingent fee basis.   At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

Parties, firms and attorneys to be used in qualifying the jury include:

Teresa Hooks
Christopher Brewer
Mitch Shook
Susan Salter Shook
The Law Firm of Salter Shook
George Brian Spears
Wingo Smith
Jeff Filipovits
Spears & Filipovits, LLC
Timothy J. Buckley III
Kelly Christopher
Buckley Christopher, P.C.

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included.   The Court will propound questions concerning legal qualifications.

Insurance company involved:

The Association County Commissioners of Georgia – Interlocal Risk Management Agency (ACCG-IRMA) is the insurer. ACCG-IRMA issued the Certificate of Insurance to Laurens County, Georgia, through which Defendant Brewer is insured.   ACCG-IRMA is a self - insured pool.   It is owned by its members and managed by a Board of Trustees appointed from representatives of participating member counties.   Plaintiff contends that the county government for every county within the Dublin division is a member of ACCG.[2]

    4.  Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

Jurisdiction of this Court is based upon 28 U.S.C. 1331 because this is a civil action arising under the Constitution of the United States and presented through 42 U.S.C. 1983. Plaintiffs are not pursuing any state law based causes of action; the supplemental jurisdiction of the Court is not invoked.

    5.     List any motions or other matters in the case which remain unresolved.   Any motion not so enumerated shall be deemed withdrawn by the moving party.

    a.  Plaintiffs' Motion to Exclude Opinion Testimony of Defense Expert Libby, Doc. 73
    b.  Defendant's Motion to Exclude Opinion Testimony of Plaintiff Expert Noble, Doc. 74
    c.  Defendant's Motion to Exclude Expert Witness Testimony of Francis Rushing, Doc. 195

---

2  The website for ACCG (found at https://www.accg.org/insurance/about.php) provides the following description:   "This is a self-insured group fund that began in 1987 in which members join together to provide a source of coverage for their property, automobile, general liability, law enforcement liability, public officials' liability, crime, statutory bond, boiler & machinery, and other specialized coverages. The Fund is owned by the members and overseen by a seven-member Board of Trustees appointed by the ACCG Board of Managers.

IRMA operates under the authority of O.C.G.A. 36-85-20 et seq. Similar in structure to GSIWCF, the Fund is non-profit and member-owned. IRMA estimates the members' anticipated losses and collects premiums to cover those losses. Excess insurance is purchased to protect against catastrophic losses. The funds collected are invested until needed to pay claims. In-house safety and loss control, as well as claim service, help to control the amount of losses."

    d.  Plaintiffs' Motion in Limine to Exclude Evidence, Testimony, Or Argument Based On The Expert Opinion Of Brittany Gresham, Doc. 205

    e.  Plaintiff's Motion to Exclude Evidence/Testimony, Doc. 211

    f.  Further Motions in Limine by the parties may be filed up to and including January 31, 2022.   The parties shall confer following the filing of such further Motions in Limine and advise the Court of any agreements reached concerning same.

6.    All discovery is to be completed pursuant to the Local Rules.   The date of the conclusion of the discovery process and the expected completion of any un-transcribed deposition shall be stated.

On February 16, 2022, the parties are scheduled to conduct the deposition of Dr. Dennis Wayne Ashley, pursuant to the Order of this Court.   Doc. 219.

7.    State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

The names of the parties in the above-captioned case are complete.

8.    Outline of plaintiff(s)' case.

**NOTE:**    **PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.   AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY.**

Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action.   This statement should not be argumentative and should not recite evidence.   In no event shall the statement be more than one page.

The outline of Plaintiffs' case is as follows:

David Hooks was shot and killed when Laurens County Sheriff's Deputies forcibly entered his home to execute a search warrant.   The search warrant was sought and obtained by Laurens County Sheriff's Deputy Chris Brewer.

Teresa Hooks is the widow of David Hooks and is the court appointed representative of his estate. She has sued Deputy Brewer. She alleges that Deputy Brewer induced a judge to issue the warrant by supplying false or misleading information to the judge and by withholding other information important to whether a search warrant should have been issued.

–4–

Mrs. Hooks alleges that Deputy Brewer violated the Fourth Amendment by obtaining a search warrant without probable cause. Because the entry into David Hooks' home was based solely on that search warrant, Mrs. Hooks alleges that Deputy Brewer is ultimately responsible for the death of David Hooks.   Mrs. Hooks seeks to recover for the value of her husband's life, for the pain he endured before he died,   for the medical and other expenses arising from his injuries, and for other damages arising from the execution of the search warrant and death of her husband.

9.   Outline of defendant(s)' case.

**NOTE:       DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH.   AT THE TRIAL, IT WILL BE USED BY   THE   COURT   IN   DIRECTING   THE   CASE   AND INSTRUCTING THE JURY.**

Defendant(s) shall:

(a)   Furnish a short, succinct, factual and narrative statement as to all defenses (general and special).   This statement should not be argumentative and should not recite evidence.   In no event shall the statement be more than one page.

(b)   In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

The outline of Defendant's case is as follows:

Deputy Brewer contends that he is entitled to qualified immunity because he had probable cause, or at least arguable probable cause to obtain the search warrant and did not intentionally or with reckless disregard for the truth, make misstatements or material omissions of fact when he applied for the search warrant.   Deputy Brewer further contends that Plaintiff is not entitled to any damages because David Hooks' actions in response to deputies entering his house to execute the search warrant were the proximate cause/superseding cause of his death.   David Hooks' actions and his death were not foreseeable to Deputy Brewer.   Deputy Brewer also asserts the defenses of assumption of the risk and comparative negligence based on David Hooks' actions.   Plaintiff is also not entitled to punitive damages because Deputy Brewer did not act with reckless or callous indifference or with an evil motive or intent.   To the extent Plaintiff is permitted to seek damages for wrongful death and other statutory recovery, Deputy Brewer contends Georgia law and defenses apply in addition to federal law.

10.     In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based.   The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

Plaintiffs show as follows:

A.  Constitutional Violation

Plaintiffs allege that Defendant has violated the Fourth Amendment's protection against unreasonable searches and seizures and its requirement that no warrants may be issued without the existence of probable cause. U.S. Constitution, Amend. IV. Defendant violated Plaintiffs' right when he intentionally or, in the alternative, with reckless disregard for the truth, made misstatements and material omissions of fact when he procured a search warrant for David Hooks' residential property. See, Franks v. Delaware, 438 U.S. 154 (1978); United States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980). Claims for the violation of the Fourth Amendment are enforceable against Defendant through 42 U.S.C. § 1983. Malley v. Briggs, 475 U.S. 335, 344 (1986).

Plaintiffs allege that Defendant Deputy Brewer's Affidavit contained – at least – the following misstatements and omissions:

1.     Defendant intentionally or recklessly omitted that Rodney Garrett was addicted to methamphetamine and that he was under the influence of the drug at the time of his in-custody interview with police.

2.     Defendant intentionally or recklessly omitted that – although Rodney Garrett claimed that he had taken the methamphetamine found in his possession at the time of his arrest from a truck on the property of David Hooks – Defendant knew that Garrett already had a regular supplier of methamphetamine.

3.     Defendant intentionally or recklessly misstated that Rodney Garrett had "turned himself in" to Sergeant Ryan Brooks when he actually had been evading law enforcement for days prior to his arrest.

4.     Defendant intentionally or recklessly misstated that Rodney Garrett provided information that led to the recovery of stolen property of which law enforcement was previously unaware.

5.     Defendant intentionally or recklessly omitted that Rodney Garrett had lied to Sergeant Brooks about his involvement in other suspected criminal activity in the days before his arrest.

–6–

6.     Defendant intentionally or recklessly omitted that David Hooks' personally reported to the Sheriff's Department that his home had been subjected to the theft which, unknown to Hooks, had been committed by Garrett and that, as a result, Sheriff's Department Deputies had met with David Hooks on September 23, 2014, on the very Hooks property for which the search warrant was being sought.

7.     The Defendant intentionally or recklessly omitted that Rodney Garrett denied having stolen the vast majority of the items of property which were reported stolen by David Hooks, and instead only admitted to the theft of the few remaining items of property that were actually still in Garrett's possession at the time that he was arrested.

8.     Defendant intentionally or recklessly asserted the accusations of Jeff Frazier about David Hooks' alleged involvement in illegal drug trade as reliable, despite the fact that no investigation was ever carried out to determine whether any of Frazier's claims about Hooks could be corroborated and despite the fact that in the many months duration of the Frazier criminal investigation in 2009 there was never any point in time at which any link was discerned between Jeff Frazier and David Hooks.

9.     Defendant intentionally or recklessly omitted that the interview of Jeff Frazier did not result in a substantive investigation of David Hooks or his alleged connection to the methamphetamine trade.

10.     Defendant intentionally or recklessly omitted that the time when Jeff Frazier made his allegation about David Hooks was over five years before    the arrest of Rodney Garrett and, hence, five years before Sgt. Brewer's      application for the search warrant.

Absent these misstatements and omissions, a reasonably trained officer would have known that his Affidavit failed to provide probable cause to search the residence of Mr. Hooks for the presence of drugs or for the paraphernalia necessary for manufacturing, packaging, and distributing methamphetamine, or for US currency that would facilitate illicit drug trafficking. See generally, *Madiwale v. Savaiko*, 117 F.3d 1321 (11th Cir. 1997); *Messerschmidt v. Millender,* 565 U.S. 535 (2012); and *Williams v. Aguirre,* 965 F.3d 1147 (11th Cir. 2020); and see also *Sorrells v. Dodd*, 4:20-CV-188-AT, 2021 WL 4928416 (N.D. Ga. Sept. 29, 2021)

B.  Damages Claimed and Monetary Relief Sought

As a result of the constitutionally infirm warrant, when the warrant was carried out the Plaintiffs suffered foreseeable damages. See *Jackson v. Sauls,* 206 F.3d 1156 (11th Cir. 2000); *Smith on behalf of Estate of Smith v. Ford,* 488 F. Supp. 3d 1314 (M.D. Ga. 2020). Because the violation ended in Mr. Hooks' death, the Court looks to state tort law on the survivability of claims. Georgia law recognizes distinct claims for damages arising from the death of an individual – and here there is an individual's claim for wrongful death of a spouse and an estate's claim for the decedent's pain and suffering and other damages.

Accord O.C.G.A. §§ 51-4-1 et seq. (wrongful death) with O.C.G.A. § 9–2–41 (survival of claims); and see Grant v. Georgia Pac. Corp., 239 Ga. App. 748, 750–51 (1999).

1. Estate of David Hooks' Damages Claims

a.     The Estate of David Hooks is entitled to compensation for the pain and suffering Mr. Hooks experienced prior to his death. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331 (1984).

b.     The Estate of David Hooks is entitled to an award of special damages including the property damage to the home of David Hooks along with the funeral expenses incurred and the medical expenses sustained when emergency medical personnel and doctors attempted to save his life following his being shot.   See, e.g., O.C.G.A. 51-4-5(b).

c.     The Estate of David Hooks Plaintiff seeks punitive damages arising from David Hooks' "injuries and pain and suffering" prior to death.   *Donson Nursing Facilities v. Dixon,* 176 Ga. App. 700, 701 (1985).

2. Damages Recoverable for The Wrongful Death Of David Hooks

As the surviving widow of David Hooks, Plaintiff Teresa Hooks holds the claim for damages arising from David Hooks' wrongful death and is thereby entitled to seek compensation for the full value of her husband's life. O.C.G.A. §§ 51-4-1 et seq. The measure of those damages is the value of his life to him. *Galack v. PTS of Am., LLC,* 4:13-CV-0288-HLM, 2015 WL 5692163, at *11 (N.D. Ga. July 6, 2015). The full value of life includes both "economic components, such as lost earnings, and non-economic components, such as loss of enjoyment of life." Bibbs v. Toyota Motor Corp., 304 Ga. 68, 75–76 (2018).

C.  Prevailing Party Award of Costs and Attorneys' Fees

In the event that Plaintiffs are prevailing parties upon their claims, then they will be authorized to seek those costs permitted by 28 U.S.C. 1920 along with those costs and attorneys' fees which are recoverable to prevailing parties pursuant to 42 USC 1988. The jury will take no direct part in the determination of the recovery of costs or attorneys' fees.

11.     In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

(a)     Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated.   Also, recite any supporting authority.

–8–

(b)     List all items of damages claimed or non-monetary relief sought.

(c)     In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.

12.     In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

13.     If there is any dispute as to agency, state the contentions of the parties with respect to agency.

14.     State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

By Plaintiff:

Plaintiff Teresa Hooks bears the burden of proof to establish by a preponderance of the evidence that Defendant's conduct constituted a violation of the Fourth Amendment of the United States Constitution and that the losses and injuries about which she complains were proximately caused by such violation.

Plaintiffs show that Deputy Brewer asserts the affirmative defense that Defendant is "not liable because Plaintiffs' damages, if any, are due to the acts and omissions of other individuals and entities other than Defendant."  Doc. 41, p. 3. Defendant alleges that David Hooks' "conduct is the superseding cause of harm" to Plaintiffs. Doc. 181-1, p. 12. Plaintiffs contend that Defendant Brewer has the burden of proof to demonstrate that a superseding cause cuts off his liability for Plaintiffs' injuries.

By Defendant:

Defendant asserts he is entitled to qualified/official immunity.  Plaintiff has not disputed that Defendant was acting within his discretionary authority at the time of the allegedly wrongful acts.    Therefore, the burden is on Plaintiff to show that qualified/official immunity is inappropriate.   Penley v. Eslinger, 605 F.3d 843, 849 (11th Cir. 2010); Gilbert v. Richardson, 264 Ga. 744, 753, (1994).   As reflected in Defendant's proposed special interrogatories and verdict form, Plaintiff has the burden of proof as to

certain facts.   In addition, the burden is upon Plaintiff to prove that "the defendant's negligence was both the 'cause in fact' and 'proximate cause' of her damages.   <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1303-1304 (11th Cir. 2009).   Defendant has the burden on superseding cause, but <u>only</u> if Plaintiff can show proximate cause.   Furthermore, Plaintiff must show Brewer's actions were "motivated by an evil motive or intent, or there must be reckless or callous indifference to federally protected rights."   <u>Anderson v. City of Atlanta</u>, 778 F.2d 678, 688 (11th Cir. 1985).   Plaintiff also generally has the burden to prove all damages.

Each party shall be permitted to present their opening argument and closing argument to the jury, with Plaintiff permitted to present the first and the last of the closing arguments..

15.   Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial.   Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld.   A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony.   If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

**NOTE:**      **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.**

Plaintiff Will Have Present At Trial

| | |
|---|---|
| Ashley, Dr. | Macon Medical Dr - Will call by deposition |
| Brewer, Chris | Defendant |
| Brooks, Ryan | Laurens County Sheriff's Officer |
| Burris, Tim | Laurens County Sheriff's Officer |
| Dean, Brandon | Son of Teresa Hooks |
| Dean, Javonne | Hooks' family friend |
| Evans, Michael | Private Investigator |
| Fitzgerald, Kendra | GBI |
| Forte, Buck3 | Laurens County Sheriff's Officer |

3 Plaintiffs show that Mr. Forte was one of the four Sheriff's Deputies who formed the

–10–

| | |
|---|---|
| Fountain | Laurens County Sheriff's Officer |
| Frazier, Gerald | Laurens County Sheriff's Officer |
| Georgia Bureau of Investigation – Representative witness for authentication of records, if needed | |
| Giddens, Lindsey | GBI agent |
| Graham, Ronald | Laurens County EMS |
| Harrell, Will | Former         Sheriff, Laurens County |
| Hooks, Carla | Daughter of David Hooks |
| Hooks, Dan | Brother of David Hooks |
| Hooks, Teresa | Plaintiff |
| Jones, Forrest | Laurens County EMS |
| Loyd, Kasey | Laurens County Sheriff's Officer (please see footnote number 1) |
| Meeks, Deputy | Laurens County Sheriff's Officer (please see footnote number 1) |
| Milks, Lisa | Hooks' family friend |
| Noble, Jeff | Police Practices Expert Witness |
| Padgett, Lance | Laurens County Sheriff's Officer |
| Polhill, Dr. John | Fairview Hospital, Dublin Hooks Physician – by Deposition |
| Reese, Jeremy | Laurens County Sheriff's Officer (please see footnote number 1) |
| Rushing, Francis | Economist Expert Witness |
| Stewart, Rusty | Laurens County Sheriff's Officer (please see footnote number 1) |
| Stokes, Brian | Laurens County Sheriff's Officer |
| Toney, Robbie | Laurens County Sheriff's Officer |
| Waller, Dan | Hooks' family friend |

Plaintiff May Have Present at Trial

| | |
|---|---|
| Bates, Derrick | Familiar with David Hooks |
| Black, Emmett | David Hooks' Dentist |
| Collins, Betty | Familiar with David Hooks |
| Byrd, Deidre | LCSO |
| Faircloth, Brandon | LC Asst Dist Atty |
| Garrett, Beverly | |
| Garrett, Jessica | |
| Garrett, Rodney | |
| Graham, Ronald | LC EMS |
| Hogan, Deputy | LCSO |
| Jackson, Tyler | LCSO |

---

'stack' of officers who made entry into the Hooks' home to execute the Brewer search warrant.   Plaintiffs intend to call at least one, but not all of the four Deputies.   The other Deputies were Deputies Reese, Stewart, Meeks and Loyd.

| | |
|---|---|
| Jones, Anthony | Familiar with David Hooks |
| Jones, J. Allen | GBI investigator |
| Johnson, Tim | LC EMS |
| Lampp, Deputy | LCSO |
| Lovett, Roxie | Familiar with David Hooks |
| Mabry, John | Medic |
| Milks, Lisa | Familiar with David Hooks |
| Page, Nathan | LC EMS |
| Smith, Jobette | Familiar with David Hooks |
| Smith, Kirk | GBI agent |
| Snell, Faith | Laurens County Magistrate Judge |
| Spires, Jonathan | LC EMS |
| Sumner, Mac | LC EMS |
| Surine, Matthew | LCSO |
| Townsend, Glen | LCSO |
| Ussery, Dwayne | LC Ambulance Services |
| Vertin, Steve | LCSO |
| Waller, Matt | Friend of Hooks Family |
| Willis, Jeffrey | LC EMS |
| Wood, Jack | LC Paramedic |

Defendant Will Have Present At Trial

Defendant Christopher Brewer
William "Bill" Harrell
Steve Vertin
Buck Forte
Assistant District Attorney Brandon Faircloth
Gerald Frazier
Lance Padgett
Kasey Loyd
Rodney Garrett
Robert Toney
Ryan Brooks
Tim Burris
William Meeks
Dan Libby
Brian Stokes
Brittany Gresham
Jeremy Reese

Tyler Jackson
Rusty Stewart
Jeff Graham

Defendant May Have Present At Trial

Randall Deloach
Forest Jones
Jack Wood
Daniel Lampp
Brandi Michelle Foskey
Dr. George Herrin, Jr.
Jessica Ussery
John Mabry
Jonathan Spires
Ronald Graham
Matt Surine
Thomas Townsend
Mitchell Edge
Markel May
Mac Sumner
Jeffrey Willis
Jeff Frazier
Robbie Miller
Brandon Hogan
Deidre Byrd
Timothy Johnson
Dwayne Ussery
Brandon Dean
Carla Hooks
James Graham
Beverly Garrett
Dr. Jacqueline Martin
Billy Brown III
Justin John McNair
Michael Evans
Kendra Fitzgerald, GBI
Lindsey Giddens, GBI
Jerry Jones, GBI
Hannah Paul, GBI

Jessica Garrett
Kenneth Soles
Brian Fountain

16.   All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties prior to the pretrial conference.   All evidence shall be marked by the parties prior to the pretrial conference, and the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk.   If separate exhibit lists are submitted, they shall be submitted on the forms supplied.   Duplications of exhibits should be avoided to the extent practicable.   Exhibit lists should be submitted to the Court at the pretrial conference.   The material therein shall be identified as follows:

(a)   A list of documents and physical evidence submitted as joint exhibits.

(b)   Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s).   Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.   Items not objected to will be admitted when tendered at trial.

(c)   Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s).   Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference.   Items not objected to will be admitted when tendered at trial.

(d)   Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)   The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

**NOTE:** **COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK** <u>**FOUR**</u> **COPIES OF THE TYPED EXHIBIT LIST PRIOR TO JURY SELECTION.  All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District.   This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.**

17.     List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered.  All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

(a)     Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts.  Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b)     The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

Plaintiff's Witness Testimony by Deposition

Dr. John Polhill
The parties will provide the Court with the specific deposition pages and lines to be offered and with any objections to any portions of Dr. Polhill's deposition in advance of the Pre-Trial Conference.

Dr. Dennis Ashley

Dr. Dennis Ashley is a critical care surgery specialist practicing in Macon, Georgia at the Medical Center of Central Georgia.  His deposition is to be taken for the purposes of preservation of evidence.  The parties have not yet conducted Dr. Ashley's deposition but are scheduled to do so on February 16, 2022.  The parties shall identify those pages and lines of the transcript of Dr. Ashley's deposition which they seek to introduce at trial by not later than 7 days following the date of the deposition.

18.     Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

19.     Plaintiff(s)' counsel estimates three and a half days to present plaintiff(s)' case; defendant(s)' counsel estimates three days to present the defense.

20.     Plaintiff has offered to settle.

Defendant has offered to settle.

It appears at this time that there is

    _____     A good possibility of settlement.
    \_\_X\_\_\_     Some possibility of settlement.
    _____     No possibility of settlement.

The parties \_\_X\_\_\_ do _____ do not wish to confer with the Court regarding settlement.

21.     State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

Plaintiff requests that the Court take judicial notice of Georgia's standard mortality table, which is entitled "Annuity Mortality Table for 1949, Ultimate."  A copy of the mortality table will be supplied to the Court at the pretrial conference.

Defendant requests Court clarification concerning the presence of media in the Court during trial proceedings and objects to there being cameras in the court room.

22.     State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial.   Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

By Plaintiffs:

Presently before the Court are Plaintiffs' Motions which touch on the admissibility of certain evidence.   In the event that the Court rules to allow introduction into evidence of the post-mortem blood test results and of allegations made that David Hooks' was

–16–

involved in drug distribution [allegations received by Defendant Brewer pre- and post-mortem] which were not supplied by Deputy Brewer in his Affidavit in support of the issuance of the Hooks search warrant, then Plaintiff requests that the issues of liability and damages be tried separately with such drug related evidence being admitted, if at all, during the damages phase of the trial.

By Defendant:

Defendant objects to bifurcation as requested by Plaintiffs.   Defendant contends the drug related evidence is relevant to liability and damages as it goes to explain David Hooks' conduct in the days and weeks leading up to the incident and at the time he was shot.   It also goes to Defendant's defenses of proximate cause, superseding cause, assumption of the risk, and comparative negligence.   This is further analyzed in Defendant's Trial Memorandum and in Defendant's Response to Plaintiff's Motion in Limine to Exclude Evidence, Testimony, or Argument Related to Defendant Brewer's Knowledge that Exceeds the Information Presented to the Magistrate for the Purpose of Determining his Liability Under the Fourth Amendment.[4]

23.     In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto.   Lead counsel are to discuss and agree on such special verdict where possible.   Where agreement is not reached, state the basis for any objections to the special verdict request.

The parties have not yet reached an agreement regarding each other's proposed verdict forms.   The parties respectfully show that the Court's rulings upon the parties' motions in limine will directly affect the appropriateness of their respective proposed verdict forms and will inform their objections to each other's proposed verdict forms.   For that reason, the parties request that they be permitted to submit additional proposed verdict forms along with their respective objections thereto when circumstances warrant.

Please see the attached PLAINTIFFS' ATTACHMENT "C" and DEFENDANT'S ATTACHMENT "C."

24.     In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

_____

4 Defendant's response to such motion in limine is due to be filed with the Court on February 2, 2022.

25.    The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:

**IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this PRETRIAL ORDER shall not be amended except by ORDER OF THE COURT.**

This _____ day of _____, 20 ____.

_____
UNITED STATES DISTRICT JUDGE

The above and foregoing proposed pretrial order
having been submitted by counsel by the parties as follows:

S/ G. BRIAN SPEARS
BRIAN SPEARS
Bar No. 670112
Attorney for Plaintiff

315 W. Ponce de Leon Ave., Ste 865
Atlanta, Georgia 30306

S/ MITCH SHOOK
MITCHELL M. SHOOK
Bar No. 643860
Attorney for Plaintiff

Salter, Shook & Tippett
P.O. Drawer 1040
470 Randolph Dr.
Vidalia, GA, 30475
Tele: (912) 537-2666

–18–

S/ TIMOTHY J. BUCKLEY III
TIMOTHY J. BUCKLEY III
Bar No. 092913
KELLY L. CHRISTOPHER
Bar No. 609879
Attorneys for Defendants

Buckley Christopher, P.C.
2970 Clairmont Road NE, Suite 650
Atlanta, Georgia 30329
Tele: (404) 633-9230