IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERESA POPE HOOKS, individually; and ESTATE OF DAVID HOOKS, by Teresa Pope Hooks, Administratrix, <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER BREWER, <br><br> Defendant. | CV 316-023 |

O R D E R

The captioned civil matter is scheduled for jury trial on February 28, 2022. The matter came before the Court for a motion hearing and pretrial conference ("PTC") on February 4, 2022. This Order will set forth in summary fashion the discussions, stipulations, concessions, and rulings from the PTC. These discussions, stipulations, concessions, and rulings are expressly incorporated herein by reference and will take precedence over the written word here to the extent that it unintentionally contradicts, confuses, or modifies any matter discussed at the PTC.

The Court begins with the observation that the validity of the search warrant will first be explored in a bifurcated proceeding so that the "threshold" issue relates to Defendant

Christopher Brewer's conduct in obtaining the search warrant is first tried to the jury and decided using special interrogatories. That is the jury will first decide whether Defendant Brewer intentionally or with reckless disregard included false or misleading information or omitted information which was material to the Magistrate Judge's determination of probable cause to issue the search warrant. If the "threshold" issue is determined in Plaintiff's favor, the jury will then be exposed to the consequences of the search warrant to determine whether the invalid search warrant was the proximate cause of any damages to Plaintiff Teresa Pope Hooks individually or as the Administratrix of the Estate of David Hooks.

## MOTIONS IN LIMINE

### *Plaintiff's Motion to Exclude Opinion Testimony of Wilfred Libby (Doc. No. 73)*

Plaintiffs have withdrawn this motion. The Clerk is directed to **TERMINATE** it.

### *Defendant's Motion to Exclude Expert Witness Testimony of Jeffrey Noble (Doc. No. 74)*

Defendant has withdrawn this motion. The Clerk is directed to **TERMINATE** it.

*Defendant's Motion to Exclude Expert Witness Testimony of Francis Rushing (Doc. No. 195)*

For the reasons stated at the PTC, the motion is **DENIED**. Defendant's challenges to the expert report and testimony of Dr. Francis Rushing, an economist, are more appropriately addressed upon cross-examination of the witness rather than through exclusion of the witness.

*Plaintiffs' Motion in Limine to Exclude Evidence, Testimony, or Argument Based on the Expert Opinion of Brittany Gresham or Her Toxicology Report (Doc. No. 205)*

This matter was argued and discussed at the PTC and during a telephonic conference call on February 8, 2022. Thereupon, the Court **GRANTS** the motion to exclude as irrelevant the testimony of the GBI's forensic toxicologist, Brittany Gresham, and the contents of her toxicology report in the first phase of the trial related to the "threshold" issue.

Focusing on trial matters beyond the "threshold" issue, the admissibility of this evidence (specifically that David Hooks had methamphetamine in his blood post-mortem) seemingly came to the fore when Defendant cross-examined Dr. Rushing, Plaintiffs' economist, on his failure to consider the impact of David Hooks's methamphetamine use. As a result, Defendant moved to exclude Dr. Rushing's testimony in part on this basis, which prompted Plaintiffs to file their motion to exclude Ms. Gresham and the

3

toxicology report. In response, Defendant also claims that the evidence of methamphetamine use is relevant to the jury's consideration of David Hooks's conduct in his final days.

The Court starts with the observation that Ms. Gresham has not been identified as an expert witness in the case. Thus, to call upon her to offer an opinion about what effect the level of methamphetamine might have had on the conduct of David Hooks leading up to his death is impermissible under the Federal Rules of Evidence. Specifically, under Rule 701, a lay witness may only offer her opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; **and** (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added). Here, the witness, Ms. Gresham, did not observe David Hooks's conduct or his methamphetamine use for that matter, and to testify about the effect of methamphetamine on his behavior would call upon her specialized knowledge as a forensic toxicologist. For these reasons, Ms. Gresham cannot offer opinion testimony about the effect of methamphetamine on David Hooks. She even concedes that she could not "say for certain a hundred percent how a particular drug will affect an individual." (See Dep. of Brittany Gresham, Doc. 195-4, at 14; see also id. at 21 ("An individual [with methamphetamine in his system] would be experiencing the effects

4

of a stimulant, the degree to which I cannot say . . . ."); id. ("I can't say the degree to which [the user] might be experiencing the [effects] that I listed earlier . . . .").) Accordingly, Defendant will not be permitted to elicit opinion testimony from Ms. Gresham related to the effects of methamphetamine on a person generally or David Hooks individually.

Defendant also proposes to use the toxicology report relative to an assessment of damages in the case. First, the toxicology report in and of itself does not inform the use of methamphetamine by David Hooks during his lifetime. Moreover, Ms. Gresham testified that she could not opine "about what kind of user that the person that this blood came from was." (Gresham Dep. at 41; id. at 21 ("I can't attest to how often the individual used methamphetamines. Once again, they have developed some tolerance, the fact that they were alive at this amount, but I don't know if they were a chronic user.").) Thus, the evidence does little to prove the extent of David Hooks's general use of methamphetamine. Second, the Court concludes that the probative value of this evidence is outweighed by the potential prejudice. It would be nearly impossible to limit the jury's consideration of the presence of methamphetamine in David Hooks at the time of death to an estimation of his life value. Rather, the jury would be tempted to impermissibly speculate on the effect any methamphetamine might have on David Hooks's conduct.

5

Finally, Defendant's complain that it would be unfair to allow Plaintiffs to show that no drugs or drug paraphernalia were found in the Hooks's home and not allow evidence that David Hooks had methamphetamine in his blood. The Court, however, concludes *infra* that the results of the GBI search are outside of the relevant time frame in the case and has excluded such evidence though without prejudice.

Upon these observations and conclusions, the Court **GRANTS** Plaintiff's motion to exclude the testimony and toxicology report of Ms. Gresham without prejudice to raise the issue anew should the door be opened in some respect.

***Plaintiffs' Motion in Limine to Exclude Evidence, Testimony, or Argument Related to Defendant Brewer's Knowledge that Exceeds the Information Presented to the Magistrate for the Purpose of Determining His Liability Under the Fourth Amendment (Doc. No. 211)***

Plaintiffs move to limit the evidence related to Defendant Brewer's conduct in obtaining the warrant, i.e., evidence related to the "threshold" issue, and in so moving, divide the issue into two areas. First, Plaintiffs wish to exclude "what was in the officer's head" but was not included in the application for search warrant. In other words, Plaintiffs seek to exclude any evidence proffered to rehabilitate Defendant Brewer's search warrant application that he allegedly possessed at the time but did not

6

include in the application. Second, Plaintiffs wish to exclude any information that Defendant Brewer learned after-the-fact or post-mortem. At the PTC, Defendant Brewer represented that he did not intend to offer evidence that he learned only during his post-mortem investigation to support his defense on the "threshold" issue. Defendant Brewer further explained, however, that he should be able to offer any evidence of what he knew at the time of application for the search warrant, i.e., "everything Brewer thought, understood, did, said and heard."

The "threshold" issue asks whether Defendant Brewer intentionally or with reckless disregard made misstatements or omissions that were material to the determination of probable cause in obtaining the search warrant. That is, the constitutionality of the search warrant turns on whether the *judicial officer* would find probable cause absent any material misstatements or omissions. Thus, information that was in the *officer applicant's* mind but not shared with the judicial officer is irrelevant.

The paramount consideration in the first phase of the case is the content of the search warrant application. This phase will be limited to a fair exploration of the facts *included* within the search warrant application and the *material facts known but omitted* from the search warrant application and any reasonable inferences to be drawn therefrom. To the extent that Defendant Brewer wishes to introduce testimony or evidence to bolster his knowledge or

7

credibility at the time of application, that is to essentially add information that he did not share with the judicial officer, the motion to exclude is **GRANTED**.[1]  The motion to exclude is also **GRANTED** to the extent that Defendant Brewer attempts to offer "new" evidence or testimony related to information he obtained post-mortem.

The Court defers consideration of whether any after-acquired testimony or evidence is relevant in a subsequent phase of the trial.

### *Plaintiffs' [Omnibus] Motion in Limine (Doc. No. 226)*

A.[2]   *To permit Plaintiffs to introduce evidence that no drugs, no drug paraphernalia, no drug manufacturing was found at the home*

It is the Court's view that the "search" of the home ended at the time of David Hooks's fatal shooting; and the Court would welcome the parties' stipulation to this effect.  The Court

---

[1] The Court will permit evidence related to Defendant Brewer's initial investigation (e.g., information learned from Rodney Garrett) and conduct (e.g., consultation with an Assistant District Attorney) that directly led to his decision to seek a search warrant.  Such evidence is relevant to the reasonableness of Defendant Brewer's conduct.  On the other hand, reference to Mr. Markel May, a man who Defendant Brewer remembers said something to another officer about David Hooks, would constitute evidence that bolsters the affidavit but was not shared with the judicial officer; it is therefore excluded.

[2] The Court will use the nomenclature used by the parties in the motion.

concludes that evidence of the GBI's search is irrelevant to the issues in the case, particularly to the "threshold" issue. The motion is therefore **DENIED** without prejudice. The Court will undertake further review upon an offer of proof if the issue arises in a subsequent phase of the trial.

    B.   *To exclude evidence regarding the alleged uncertain ownership of the vehicle stolen by Rodney Garrett*

The motion is **GRANTED** without prejudice to counsel to seek permission to explore the issue should ownership – as opposed to possession – become relevant and probative of a material issue at trial.

    C.   *To exclude opinion testimony as to whether there was probable cause to issue the warrant*

This motion targets the anticipated testimony that Defendant Brewer consulted Assistant District Attorney Brandon Faircloth prior to seeking the search warrant and that Mr. Faircloth believed probable cause existed on the information provided by Defendant Brewer. The Court **GRANTS IN PART** and **DENIES IN PART** this motion. The Court will allow Defendant to reveal the fact that Defendant Brewer met with an ADA prior to seeking the search warrant as it may be relevant to the reasonableness of his conduct; however, the

parties are not permitted to explore any aspect of the substance of the conversation between Mr. Faircloth and Defendant Brewer.[3]

>   D.  *To exclude evidence or testimony that claims or suggest that the GBI or grand jury found the sheriff's office committed no wrongdoing*

By concession of the parties, the motion is **GRANTED**.

>   E.  *To exclude evidence, testimony, or argument that David Hooks's DNA was found on a container or scales taken from Rodney Garrett*

By concession of the parties, the motion is **GRANTED**.

>   F.  *To exclude evidence of David Hooks's prior convictions or that his rights were restored*

The admissibility of this evidence is **DEFERRED** until trial.

>   G.  *To exclude evidence, testimony, or arguments about Plaintiff Teresa Hooks's marital status after the death of David Hooks*

The motion is **GRANTED** without prejudice. Defendant may move to use this evidence in rebuttal if appropriate.

>   H.  *To exclude arguments regarding contributory and comparative fault*

The motion is **GRANTED** in that the parties may not use the nomenclature "contributory" or "comparative" fault at trial.

---

[3] The Court understands that ADA Faircloth was not present during the search warrant application before the Magistrate Judge; to the extent that he was present, and Defendant wishes to question him about conversations had in the presence of the Magistrate Judge, Defendant should raise the matter outside the presence of the jury.

10

David Hooks's conduct as it relates to a determination of proximate cause may be explored but not in these terms or through these concepts.

    I.    *To exclude testimony or arguments regarding Defendant's financial condition and his ability to pay a judgment*

The motion is **GRANTED**. There shall be no mention of Defendant Brewer's worldly circumstances unless the matter becomes relevant to the issue of punitive damages.

    J.    *To exclude references to statutory attorney's fees or the recovery of attorney's fees*

By concession of the parties, the motion is **GRANTED**.

    K.    *To exclude references to collateral sources*

By concession of the parties, the motion is **GRANTED**.

    L.    *To exclude references to settlement negotiations*

By concession of the parties, the motion is **GRANTED**.

    M.    *To exclude argument referring to taxation of recovery*

By concession of the parties, the motion is **GRANTED**.

    N.    *To exclude arguments for jury nullification of existing law*

By concession of the parties, the motion is **GRANTED**.

*Defendant's [Omnibus] Motion in Limine (Doc. No. 229)*

1.[4] *To exclude evidence of insurance coverage or reference to "insurance"*

By concession of the parties, the motion is **GRANTED**.

2. *To exclude any exhortation for the jury to "send a message" or "put yourselves in Plaintiffs' shoes"*

The admissibility of this type of argument or suggestion is **DEFERRED** until trial.

3. *To exclude evidence or mention of the dismissal of any claims dismissed in the litigation*

By concession of the parties, the motion is **GRANTED**.

4. *To exclude expert testimony regarding the actions of Sheriff Harrell and Steve Vertin*

By concession of the parties, the motion is **GRANTED**.

5. *To exclude mention of claims for attorney's fees*

By concession of the parties, the motion is **GRANTED**.

6. *To exclude evidence that Defendant Brewer moved in limine on various matters*

This motion is **GRANTED**.

7. *To exclude any reference to or evidence of news media reports, interviews, or internet coverage/content*

This motion is **GRANTED**.

---

[4] The Court will use the nomenclature used by the parties in the motion.

8. *To exclude testimony, evidence or argument relating to offers of compromise/judgment or the substance or lack of settlement negotiations*

By concession of the parties, the motion is **GRANTED**.

9. *To exclude any argument that money is the only consequence of the jury's verdict*

This motion is **GRANTED**.

10. *To exclude evidence not previously produced/identified*

Defendant **WITHDREW** this motion at the PTC.

11. *To exclude evidence or reference to Defendant Brewer's failure of counsel to call any witness equally available to all parties*

This motion is **GRANTED**.

12. *To exclude any specific suggestion/argument that decedent did not raise his weapon or suggestion/argument that officers did not knock and announce*

This motion is **DENIED**.

13. *To exclude any testimony or evidence that Sheriff Harrell was biased against or had a vendetta against decedent or a monetary motivation to search*

For the reasons stated at the PTC, the motion is **GRANTED** except to the extent that the subject matter becomes a legitimate area of inquiry on cross-examination of Sheriff William Harrell.

14. *To exclude testimony or evidence of Teresa Hooks's emotional reaction upon seeing decedent or to seeing blood*

This motion is **GRANTED**.

15. *To exclude autopsy photographs*

By concession of the parties, the motion is **GRANTED**.

16. *To exclude layman opinion evidence of bullet trajectories, blood splatter, or drag marks*

This motion is **DEFERRED** until trial and a party makes an offer of proof.

17. *To exclude testimony of any witnesses who failed to appear for deposition*

This motion is **DEFERRED** until trial and a party makes an offer of proof.

18. *To exclude other warrants and suggestion other warrants secured by Defendant Brewer were deficient*

This motion is **DENIED** only because neither party has represented that such evidence exists. The Court will revisit the issue should the need arise.

19. *To exclude suggestion that officers fired too many shots, that officers were intentionally aiming away from perceived danger, or regarding an alleged over-militarization of police*

This motion is **GRANTED** but only to the extent that Plaintiffs suggest the officers were intentionally aiming away from the

14

perceived danger as that notion is subjective and speculative and to the extent that Plaintiffs seek to use the descriptors "too many" or "over-militarization." If the trial goes beyond the "threshold" issue, the Court will allow a full and sifting review of the facts and circumstances leading up to and involving the fatal shooting of David Hooks. Thus, all acts of the SRT and of the house's occupants may be explored. Further, counsel will be permitted to argue all *reasonable* inferences drawn from the totality of the circumstances presented at trial.

> 20. *To exclude lay witnesses from offering medical opinions or opinions on causation of injuries or that decedent was shot in the back while on the floor/execution*

This motion is **GRANTED**.

> 21. *To exclude testimony or evidence of any charges Rodney Garrett was not charged with or convicted of*

This motion is **GRANTED**.

> 22. *To exclude suggestion or evidence that GBI did not find drugs at the Hooks's residence*

This motion is **GRANTED** to the extent that any testimony or evidence of this nature is introduced on the "threshold" issue. The Court will undertake further review upon an offer of proof if the issue arises in a subsequent phase of the trial.

23. *To exclude reference to lack of body cameras or video footage*

This motion is **GRANTED**.

24. *To exclude suggestion or inference that Defendant Brewer is/was a "dirty cop"*

This motion is **GRANTED** to the extent that any testimony or evidence of this nature is introduced on the "threshold" issue. The Court will undertake further review upon an offer of proof if the issue arises in a subsequent phase of the trial.

25. *To exclude evidence of wrongful death and/or state law negligence*

The Court thoroughly addressed this issue at the PTC, and it does not lend itself to a simple grant or denial. Instead, the Court observes that this case involves a death that is alleged to be wrongful. It involves an examination of Defendant Brewer's allegedly reckless, misleading or intentional conduct in obtaining a search warrant and the damages that were proximately caused by this conduct. It is not a negligence case. It is a constitutional case. The Court will first try to the jury the "threshold" issue of the constitutionality of the search warrant. The Court will then try to the jury, if necessary, whether any damages were proximately caused by an invalid search warrant, to include the death of David Hooks. The concept of negligence and the nomenclature of "wrongful death" as codified by the Georgia

legislature and any attendant state law defenses are not matters at issue in this case.

### PROPOSED CONSOLIDATED PRETRIAL ORDER

The parties timely submitted their proposed Consolidated Pretrial Order on January 31, 2022. The Court is satisfied with the thorough and professional preparation of the proposed Consolidated Pretrial Order. Despite the parties' best efforts, a few subject areas therein were left for later disclosure, particularly because the parties anticipated that the Court's rulings on the pending motions in limine would affect the preparation and collaboration of certain trial issues. Accordingly, the parties plan, and the Court anticipates, the submission of the following prior to trial: (1) any factual stipulations; (2) supplemental voir dire questions (which may not duplicate the question subject matter areas contained in the Juror Questionnaire); (3) exhibit lists; (4) delineation of the deposition pages and lines to be offered of witnesses testifying by deposition; and (5) proposed verdict forms. With the understanding and expectation that these matters will be submitted prior to trial and, upon submission, will be incorporated into the Consolidated Pretrial Order, the Court will sign and enter the proposed Consolidated Pretrial Order on even date herewith.

Finally, the parties have filed a "Consent Joint Jury Demand" wherein they ask for a jury of twelve with four alternates. The Court has determined that a jury of twelve with two alternates will suffice to provide a fair trial in the matter.

For the Clerk of Court's purposes, the Court **ORDERS** in summary fashion and **DIRECTS** termination of the following motions as follows: (1) Plaintiffs' Motion to Exclude Opinion Testimony of Wilfred Libby (doc. no. 73) is **TERMINATED**; (2) Defendant's Motion to Exclude Expert Witness Testimony of Jeffrey Noble (doc. no. 74) is **TERMINATED**; (3) Defendant's Motion to Exclude Expert Witness Testimony of Francis Rushing (doc. no. 195) is **DENIED**; (4) Plaintiffs' Motion in Limine to Exclude the Expert Opinion of Brittany Gresham or Her Toxicology Report (doc. no. 205) is **GRANTED**; (5) Plaintiffs' Motion in Limine Related to Defendant Brewer's Knowledge (doc. no. 211) is **GRANTED IN PART** and otherwise **DEFERRED**; (6) Plaintiffs' Omnibus Motion in Limine (doc. no. 226) is **GRANTED IN PART, DENIED IN PART,** and otherwise **DEFERRED** as delineated herein; and (7) Defendant's Omnibus Motion in Limine (doc. no. 229) is **GRANTED IN PART, DENIED IN PART,** and otherwise **DEFERRED** as delineated herein.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE